# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: C.W.**

**No. 14-1001** (Webster County 14-JA-3)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Daniel R. Grindo, appeals the Circuit Court of Webster County's September 2, 2014, order terminating her parental rights to C.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jamella L. Lockwood, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights upon the finding that she had not corrected the conditions of abuse and neglect from her prior termination of parental rights and in denying her visitation with the child throughout the proceedings below.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, the DHHR filed an abuse and neglect petition that alleged petitioner previously had her parental rights to older children involuntarily terminated. The prior abuse and neglect petition was based on allegations that petitioner operated a methamphetamine laboratory in the home and abused controlled substances while the children were in her custody. In the prior proceeding, petitioner was required to establish a fit and suitable home, comply with counseling requirements, and obtain employment. However, petitioner did not comply with these requirements and the circuit court ultimately terminated her parental rights to two older children. As to the subsequently born C.W., the DHHR alleged that petitioner was addicted to controlled substances and unable to provide the child with a fit and suitable home. The DHHR further alleged that petitioner had not remedied the conditions in the home that required the prior termination of parental rights.

---

[1] We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

The circuit court held a preliminary hearing and denied petitioner's request for visitation with the child pending a psychological evaluation. In July of 2014, the circuit court held an adjudicatory hearing, during which it took judicial notice of the prior termination of petitioner's parental rights to older children. The circuit court then heard testimony from several witnesses. Ultimately, the circuit court found that petitioner had not corrected the conditions from the prior abuse and neglect proceeding and that her psychological evaluation showed a poor prognosis for correcting those conditions. As such, the circuit court denied petitioner visitation with the child and adjudicated her as an abusing parent. Ultimately, following a dispositional hearing in August of 2014, the circuit court terminated petitioner's parental rights to C.W. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's parental rights or in denying her visitation with the child during the pendency of the proceedings below.

In discussing prior terminations of parental rights, we have previously held that

> [w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ 49–6–1 to –12 (1998). Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49–6–5b(a) (1998) is present.

*In re Kyiah P.*, 213 W.Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999)). In support of her appeal,

petitioner argues that she remedied her substance abuse issues, as evidenced by numerous negative drug screens during this matter. However, while commendable, the Court does not agree that this is sufficient to establish that petitioner remedied the conditions of abuse and neglect that necessitated the prior termination of parental rights. It is clear from the record that several other conditions contributed to the abuse and neglect in the prior proceeding and that they persisted throughout the current matter.

Specifically, the circuit court found that petitioner not only failed to follow through with recommended counseling and substance abuse treatment, she was also "less than candid with the [circuit c]ourt about missing appointments" with her therapist. Moreover, the record is clear that the circuit court's finding that petitioner failed to establish a fit and suitable home was supported by substantial evidence. This includes the fact that petitioner resided with her grandmother, an individual that the DHHR stated was not "a fit and suitable person for placement of the infant" because she tested positive for multiple controlled substances during a drug screen shortly before the instant proceedings. While petitioner argues that her inability to obtain a suitable home was based primarily on her financial limitations, the Court does not agree. The record is clear that the DHHR offered petitioner services to assist in obtaining housing, including an offer to pay the first month's rent and security deposits on an appropriate apartment. Moreover, contrary to petitioner's argument that such services would ultimately be ineffective due to her lack of employment, the record further shows that the DHHR encouraged petitioner to relocate within West Virginia to an area with more employment opportunities where the DHHR could assist petitioner in finding a job. However, petitioner continually denied these services. For these reasons, it is clear that petitioner failed to correct the conditions that led to the prior termination of her parental rights to two older children, and the circuit court did not err in terminating her parental rights upon this evidence.

As to petitioner's argument that the circuit court erred in denying her visitation with the child during the pendency of the proceedings below, we find no error in this regard. To be clear, petitioner does not allege the circuit court erred in denying her post-termination visitation, but instead argues that the circuit court erred in denying her visitation with the child during the proceedings and then later relying on the lack of a bond in terminating her parental rights. However, the Court notes that the record does not support this argument, as the circuit court clearly acknowledged at disposition that it created the lack of a bond by denying visitation and did not rely upon the same in terminating petitioner's parental rights to the child. As such, we find no error in the circuit court denying petitioner visitation with the child prior to termination of her parental rights because visitation was not in the child's best interests.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 2, 2014, order is hereby affirmed.

Affirmed.

3

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II